IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK KROMREY,

                Plaintiff,                    OPINION AND ORDER

v.

                                                        09-cv-376-wmc[1]

U. S. DEPARTMENT OF JUSTICE and
AMI DOLENZ,

                Defendants.

---

      Although difficult to discern from plaintiff Mark Kromrey's disjointed, confusing and, at times, nonsensical submissions, he appears to be pursuing claims against defendants U. S. Department of Justice and Ami Dolenz for violating his rights under federal law. Plaintiff's February 1, 2010 amended complaint[2] alleges that Kromrey, through visits to pornographic and other website, became aware of a conspiracy to harm defendant Amy Dolenz and urged her to contact the FBI, but she refused. He also alleges that between October 18, 2001 and November 7, 2001, he faxed over forty pages of documents to the FBI main office; apparently related to this alleged conspiracy and related FBI corruption; that in 2009, he requested the FBI provide copies of records concerning any investigation generated by these faxes; and that the FBI told Kromrey there were no records.

      Now before the court is the motion for summary judgment filed by defendant U.S. Department of Justice. Because plaintiff has offered no evidence that the Department of Justice improperly withheld agency records under the Freedom of Information Act or

---

[1] This case was reassigned to Judge William Conley pursuant to a March 31, 2010 administrative order.

[2] In a March 5, 2010 order, Magistrate Stephen Crocker accepted this amended complaint as the operative pleading in this case.

violated any of his rights under federal law, defendant's motion for summary judgment will be granted.

## UNDISPUTED FACTS[3]

Plaintiff Mark Kromrey is an adult resident of Janesville, Wisconsin. Defendant U.S. Department of Justice is a federal agency.

By letter dated January 23, 2009, Kromrey submitted a Freedom of Information Act/Privacy Act request to the Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation Headquarters located in Winchester, Virginia. He requested access to and copies of any records he had submitted to the Federal Bureau of Investigations "with regards to criminal activity of FBI officers" and "all information regarding the attention and follow up regarding [his] complaints."

By letter dated February 6, 2009, the FBI advised Kromrey that a search of the indices of the Central Records System revealed no records responsive to his request. Also, he was advised of his appeal rights. On February 16, 2009, Kromrey appealed the decision to the Office of Information and Privacy. On June 2, 2009, the Office of Information and Privacy affirmed the FBI's decision and advised Kromrey that if he was dissatisfied with its decision he could file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)B). On June 16, 2009, Kromrey filed this lawsuit.

---

[3] Based on the submissions of the parties, the following facts appear to be material and undisputed.

After the FBI received the complaint in this action, it conducted a second search of the Central Records System, which also failed to locate any records responsive to Kromrey's request. Next, the FBI conducted a search of field office records and found 15 pages at the Columbia Field Office that were responsive to Kromrey's request. The search that the FBI conducted was reasonably designed to yield documents responsive to Kromrey's request. On August 24, 2009, the FBI released all 15 pages without redaction to Kromrey.

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). The party that bears the burden of proof on a particular issue, nonetheless, may not rest on its pleadings, but must affirmatively demonstrate, through the proposal of specific facts, that there is a genuine issue of material fact that requires a trial. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill.*, 424

F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). In this case, the court can discern no genuine, material issue for trial with respect to plaintiff's claims.

Read liberally, Kromrey would appear to contend that the United States Department of Justice is (1) "abusing the exemption of the FOIA", (2) conspired with the intent to cause him emotional distress, and (3) obstructed justice in violation of 18 U. S. C. § 1510.

The Freedom of Information Act provides that, "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The United States Supreme Court held as follows:

> Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly', (2) 'withheld'; (3) agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

*Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980). An agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Campbell v. U.S. Department of Justice*, 164 F.3d. 20, 27 (D.C. Cir. 1998) (citing *Ogelsby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990)*).*

In this case, the FBI produced the records still in its possession that Kromrey

requested. The FBI did not redact any information from the records produced or claim an exemption from producing all records. While plaintiff alleges that there must be more records, he has produced no evidence that there are any additional records, nor does he dispute the fact that the FBI conducted a search reasonably designed to yield documents responsive to his request. At most, the FBI might be faulted with hindsight for failing to examine its local office records, but it is very difficult to tell if plaintiff provided enough information, at least in his initial request, to expect the FBI to make that connection. Indeed, Kromrey has failed to offer any evidence that would permit a trier of fact to find the FBI failed to act in good faith here.

As a result, Kromrey's claim under the Freedom of Information Act must be dismissed. In fact, it would appear that not only did the FBI act in good faith, but all records still in existence and responsive to his request have previously been provided to him. The motion for summary judgment filed by defendant U.S. Department of Justice will be granted on this claim.

To the extent that Kromrey is also attempting to raise conspiracy or obstruction of justice claims against the Department of Justice, he has quite simply submitted *no* evidence to support these claims. Nor has he cited, nor is the court aware of, any statute evidencing the government's waiver of its sovereign immunity to allow such claims to be brought against it. In any event, these claims will also be dismissed.

All that remains are Kromrey's claims against defendant Ami Dolenz.

ORDER

IT IS ORDERED that:

(1) The motion for summary judgment by defendant U.S. Department of Justice on plaintiff Mark Kromrey's Freedom of Information Act is GRANTED;

(2) Kromrey's claims against defendant United States Department of Justice are DISMISSED.

Entered this 25th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge