IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK KROMREY,

                Plaintiff,                OPINION AND ORDER

v.

                                          09-cv-376-wmc

U. S. DEPARTMENT OF JUSTICE and
AMI DOLENZ,

                Defendants.

---

Plaintiff Mark Kromrey filed an amended complaint on February 1, 2010, claiming that defendants U.S. Department of Justice and Ami Dolenz violated his rights under federal law. On June 25, 2010, the court granted the motion for summary judgment filed by defendant United States Department of Justice, dismissing Kromrey's claims under the Freedom of Information Act, as well as common law claims of conspiracy and obstruction of justice.

Now before the court is the motion to dismiss filed by defendant Ami Dolenz, dkt. #44. In addition, plaintiff has filed a "clarification of proposed facts in amended complaint," dkt. #51, a motion for reconsideration of this court's dismissal of defendant Department of Justice, dkt. #53, and a motion for the court to disqualify itself, dkt. #54. The court will address these motions first, appreciating that Kromrey, as he repeatedly says, is doing his best to present facts, which he acknowledges are hard to believe, and indeed, border on the fantastic. In that sprit, the court would also ask that Kromrey appreciate that the court is doing the best it can to evaluate his claims despite the absence of any hard facts or clear record.

I.  Motion for Disqualification

Two statutes exist for disqualifying a federal judge in particular case, 28 U.S.C. § 144 and § 455.  Section 144 requires a federal judge to recuse himself for "personal bias or prejudice."  Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party."  Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together.  *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Section §144 provides that when a party makes and files a *timely and sufficient* affidavit alleging that the judge has a personal bias or prejudice either against him or in favor of the adverse party, the judge should proceed no further and another judge should be assigned to the proceeding.  To be sufficient, the affidavit is to "state the facts and the reasons for the belief that bias or prejudice exists," which must support an assertion of actual bias.  *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). They must be definite as to times, places, persons and circumstances. *Id.*  Only those facts that are "sufficiently definite and particular to convince a reasonable person that bias exists" need be credited. *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000).  "Simple conclusions, opinion or rumors are insufficient." *Id*.  The court must assume the truth of the factual assertions even if it "knows them to be false." *Balistrieri*, 779 F.2d at 1199.

2

Similarly, in deciding whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal "is required only if actual bias or prejudice is proved by compelling evidence." *Id*.

Kromrey has not filed an affidavit stating the facts and reasons for his belief that bias or prejudice exists. He simply contends in his motion that the court dismissed his case against the Department of Justice without understanding the claims in the action. That is not sufficient. *Liteky v. United States*, 510 U.S. 540, 555 (1994). In every lawsuit, judges make rulings adverse to one or the other party. That these rulings may be unwelcome is simply too commonplace a circumstance to support an allegation of bias. Because Kromrey has failed to present any, much less compelling, evidence of bias or prejudice, his motion for the court's disqualification will be denied. As importantly, the court has done its best to try to understand, without prejudging, bias or prejudice. At bottom, the court is convinced that plaintiff would fare no better before another judge of this court or any other court.

## II. Motion for "Clarification" and Reconsideration

Kromrey moves for reconsideration of the court's order granting the motion for summary judgment of the U. S. Department of Justice. In support of his motion, he submits document titled "clarification of proposed facts in amended complaint", which contends that among other things that the court erroneously stated that Amy Dolenz refused to contact the FBI. He refers to an allegation in his amended complaint that after he contacted Dolenz,

he "noticed he was under surveillance by mutable law enforcement persons." Amended Complaint, Dkt. #25, p. 2. Kromrey's allegations concerning whether Ms. Dolenz contacted the FBI are unclear, and also without any proof. Ultimately, even assuming Dolenz contracted the FBI, it is not material to whether the defendant U.S. Department of Justice violated Kromrey's rights under federal law. Kromrey also continues to argue that he has evidence of a conspiracy but presents no such evidence. In short, despite a careful reexamination, the court can identify no legal or factual grounds to reconsider its decision to grant the motion for summary judgment of the United States Department of Justice. If Kromrey continues to believe this court is in error, he may now appeal this court's decisions to the United States Court of Appeals for the Seventh Circuit.

**III. Motion to Dismiss by Defendant Dolenz**

Finally, defendant Ami Dolenz moves to dismiss Kromrey's amended complaint on numerous grounds, including insufficient service of process, lack of personal jurisdiction, improper venue, failure to state a claim and that any claims are time barred. While Dolenz would probably prevail on many, if not all, of these grounds, the court will decide her motion to dismiss for failure to state a claim in the interest of finality. Even if Kromrey had properly served Dolenz and this court had personal jurisdiction over her, plaintiff has alleged no facts in his complaint that state a legal claim against her.

FACTS

The following are Kromrey's allegations against defendant Dolenz quoted verbatim

4

from his amended complaint:

> Plaintiff has suffered extreme emotional distress and financial los[s] d[ue] to the intentionally malicious and negligent actions of the defendants.
>
> Plaintiff contacted Miss Ami Dolenz through her manager Robert Owen to report he had mailed information to Miss [D]olenz post mailbox.
>
> Plaintiff found threatening and potentially grave activity to Miss Dolenz by individuals in the Internet including Ideas of gang rape and murder.
>
> Her manager at the time Steve Owens told me she had received the information and contacted her attorney. Because Her manager did not want to get involved in the ma[t]ter, I sent an E-mail document #1-8 page 5 to clarify I thought she should go to the FBI.
>
> After doing this I was never called or informed on what was going on, but noticed I was under surveillance by mutable law enforcement persons.
>
> For unknown reasons Miss Dolenz used her web master and attorney to make a posting to try to get me to set up a secret E-mail account. The posting [were] to make me believe she was interested in meeting me for a possible relationship. I was encouraged to stay involved in these matters by her attorney. Efforts were made to get me to emotionally invest and depend on Miss [D]olenz for support after getting involved.
>
> Doe defendants in the FBI got Miss Dolenz to stop updating her web site and pose with an actor that was suppose[d] to be her real life fiancee [then] husband and cause emotional distress to the plaintiff. I started realiz[ing] something didn't add up, and a sadistic game was being played. These tactics where described in a book I had read about the experiences other people had with stress invoking tactics sometimes used by government agencies.
>
> I was e-mailed a question[naire] that was suppose[d] to be from Ami Dolenz Web master on September, 2001 9:51 a.m. and

5

>asked to send a photo of my self, my address, work address and many other unusual requests for information. Now I believe the request was used to identify me in order to kill me before I could get someone to listen.
>
>Ami Dolenz never contacted me in anyway to relieve the stress I was under due to her actions.

Amended Complaint, Dkt. #25, pp. 1-3.

In his motion for reconsideration, Kromrey asserts, "I need to get an answer from and depose defendant Ami Dolenz." Dkt. #53, p.2. Further, in his response to defendant Dolenz's motion to dismiss he states, "Ms. Dolenz is fully aware that the reason she has been added to the complaint is because I need her to tell the truth to ease my suffering and help prove my case agenst the DOJ." Dkt. #49, p.2.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A claim should be dismissed under Rule 12(b)(6) when the allegations in a complaint, however true, could not raise a claim of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court instructs litigants that they "must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." The court will construe all of plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

6

In this case, Kromrey himself concedes his allegations against Ami Dolenz are implausible and difficult to believe on their face. As defendant Dolenz points out in her brief in support of her motion to dismiss, the ambiguity and vagueness of the allegations make it difficult to determine the basis of this court's jurisdiction. Although Kromrey claims generally that Dolenz caused him emotional distress, he does not allege any actions by her personally which support such an inference, much less specific actions that permit this court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." Even Kromrey admits the only reason he added Dolenz as a defendant in this case was to help prove his case against the U.S. Department of Justice.

At most, Kromrey alleges facts that support the inference that he had a passing, one-way interaction with defendant Dolenz principally, if not exclusively, because of unsubstantiated conjecture and/or fantastic leaps of faith based on her celebrity. Ultimately, he fails to state a cognizable claim against her. The court would urge Kromrey to accept this decision and leave defendant Dolenz alone.

ORDER

IT IS ORDERED that:

(1) Defendant Ami Dolenz's motion to dismiss plaintiff Mark Kromrey's claims against her, dkt. # 44 is GRANTED.

(2) Plaintiff's claims against defendant Dolenz are DISMISSED with prejudice for failure to state a claim.

(3) Plaintiff's motions for disqualification, dkt. #54, and for reconsideration, dkt. #53, are DENIED.

(4) The clerk of court is directed to enter judgment in favor of defendants U.S. Department of Justice and Ami Dolenz dismissing plaintiff's claims with prejudice.

Entered this 19th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge